UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOYD DAIGLE ET AL.                          CIVIL ACTION

VERSUS                                       NO. 11-2499

DRC EMERGENCY                                MAGISTRATE JUDGE
SERVICES, LLC ET AL.                         JOSEPH C. WILKINSON, JR.

**ORDER AND REASONS ON MOTIONS**

This is a putative class action in which plaintiffs allege race discrimination against defendants DRC Emergency Services, LLC and DRC Marine, LLC (collectively "DRC"); BP Exploration and Production, Inc. and BP America Production Company (collectively "BP"); Lawson Environmental Services, LLC ("Lawson"); and "Unnamed Contractors." Record Doc. No. 42. Specifically, the second amended complaint alleges that "[a]ll Plaintiffs are boat captains/owners and/or crew members who are domiciled in Louisiana, Mississippi, Alabama, Florida, Texas, and other states and who participated, applied to participate, and/or attempted to participate in the Vessels of Opportunity Program (the 'VOO Program'), following the April 20, 2010, explosion of the Deepwater Horizon and subsequent oil spill. Plaintiffs are boat captains/owners and/or crew members who were purposefully prevented from making and enforcing VOO Program contracts because of their race, color, and/or ethnicity [white, non-Native

American and/or non-Vietnamese American] in violation of 42 U.S.C. § 1981." Id. at p. 2.

This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. Record Doc. No. 39.

Defendants BP, Lawson and DRC have moved to stay this case and/or to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). Record Doc. Nos. 20, 34, 45, 46 and 47. The stay is sought on grounds that plaintiff's claims in this suit are subject to the much-negotiated and preliminarily approved Economic Damages Settlement Agreement in MDL No. 2179, to which this case is related. Plaintiffs filed a timely opposition memorandum. Record Doc. No. 48. Defendants received leave to file reply memoranda. Record Doc. Nos. 49 - 54.

Significantly, by order signed yesterday, Judge Barbier "temporarily stayed" a similar kind of case brought on behalf of Vietnamese American and Native American plaintiffs, based upon a motion to stay urging grounds substantially similar to those advanced before me, "pending implementation of the Economic Damages Settlement Agreement" in MDL No. 2179, to which the member case pending before me is related. MDL No. 2179, Record Doc. No. 6888.

Having considered the record (including the preliminarily approved Economic Damages Settlement Agreement in the pending MDL case), the complaint as twice amended by plaintiffs, the written submissions of the parties, and the applicable law, **IT IS ORDERED** that defendants' motions are GRANTED IN PART insofar as they seek a stay of this case and DISMISSED WITHOUT PREJUDICE insofar as they seek dismissal, as follows.

Federal district courts have "general discretionary power . . . to stay proceedings in the interest of justice and in control of their dockets." Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983); accord In re M.J. Beebe, 56 F.3d 1384, 1995 WL 337666, at *2 (5th Cir. 1995). This court's power to stay a case is "broad" but "not unbounded." Wedgeworth, 706 F.2d at 545. "Proper use of this [stay] authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" Id. (quoting Landis v. N. Am. Co., 299 U.S. 248 (1936)). Relevant factors for the court to consider in determining whether a discretionary stay should be entered include hardship or inequity upon the stay applicant in being required to go forward, whether the stay "will work damage to someone else," the time reasonably expected for resolution of the other matter prompting the stay request, and whether the anticipated stay period will be immoderate or of indefinite duration." Id.

Weighing these factors in this case weighs heavily in favor of granting the stay. The stay applicants – principally BP – have worked diligently in the pending MDL to settle economic damages claims like those asserted in this case. It appears that the benefits available from the pending Economic Damages Settlement Agreement – principally speedy resolution and payment of their claims on a determinable basis, as opposed to the uncertain and lengthy litigation process that awaits them in the case pending before me – are available to these plaintiffs. It would be inequitable to require defendants to proceed with this putative class action while the real possibility of settlement of these claims through the MDL proceedings exists. Plaintiffs will not be substantially damaged or subjected to hardship by a temporary stay. On the contrary, it may well be in their best interests to settle the claims they assert in this case through the MDL settlement process, rather than expose themselves to the risks, expense and delays presented by their claims in this individual case. The stay will not be indefinite or immoderate. The preliminarily approved Economic Damages Settlement Agreement in the MDL proceedings has a process for resolution and payment of these claims, subject to a timetable that includes a deadline in the next few months for claimants like these plaintiffs to determine whether to accept a settlement. As reflected in Judge Barbier's separate orders both in the Duong case and the MDL proceeding, implementation of the

settlement process, including actual payment of claims and policing of its deadlines, is well under way.

For all of the foregoing reasons, defendants' motions to stay are granted. The Clerk of Court is directed to CLOSE this case for all administrative and statistical purposes temporarily, reserving the parties' right to move to lift the stay and have the case restored to the court's active trial calendar upon completion of the proceedings referenced in Judge Barbier's related order in Duong concerning implementation of the Economic Damages Settlement Agreement in MDL No. 2179.

**IT IS FURTHER ORDERED** that all dates and deadlines set in the court's previous scheduling order, Record Doc. No. 38, specifically, the July 31, 2012, Rule 26(f) conference and report requirement and the August 15, 2012, status conference are CANCELLED.

**IT IS FURTHER ORDERED** that defendants' motions are dismissed without prejudice insofar as they seek dismissal of the complaint under rule 12(b)(6). The motions to dismiss may be reurged, after the stay is lifted.

New Orleans, Louisiana, this \_\_\_\_12th\_\_\_\_ day of July, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE